United States Courts
Southern District of Texas
FILED
APR 08 2019
David J. Bradley, Clerk of Court



# MEMORANDUM OF LAW

AS A RESULT OF ELEVENTH AMENDMENT IMMUNITY STATES ARE NOT CONSIDERED "PERSONS" UNDER THE PROVISIONS OF 1983. HAFER V. MALO, 502 U.S. 21, 26, 112 S. Ct. 358, 362 (1991). ACCORDINGLY, SUITS AGAINST STATE ACTORS "ACTING IN THEIR OFFICIAL CAPACITIES" ARE SUITS AGAINST THE STATE, AND ARE BARRED BY THE ELEVENTH AMENDMENT. WHEN A PLAINTIFF SEEKS DAMAGES AGAINST A STATE OFFICIAL, THE COURT CONSTRUES THE COMPLAINT AS AN INDIVIDUAL CAPACITY SUIT BECAUSE AN OFFICIAL CAPACITY SUIT FOR DAMAGES WOULD BE BARRED. CERRATO V. SAN FRANCISCO COMMUNITY COLLEGE DIST., 26 F. 3d 968, 973 n.16 (9th Cir. 1994).

INDIVIDUAL CAPACITY SUITS "SEEK TO IMPOSE PERSONAL LIABILITY UPON A GOVERNMENT OFFICIAL FOR ACTIONS HE TAKES UNDER COLOR OF STATE LAW." KENTUCKY V. GRAHAM, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105 (1985). "A VICTORY IN SUCH A SUIT IS A "VICTORY AGAINST THE INDIVIDUAL DEFENDANT RATHER THAN AGAINST THE ENTITY THAT EMPLOYS HIM," AND "[T]HUS, THE ELEVENTH AMENDMENT PROHIBITION AGAINST MONETARY DAMAGES IMPOSED ON A STATE DOES NOT APPLY. . ." CERRATO, 26 F. 3d at 973.

THERE ARE TWO THEORIES UNDER WHICH A STATE OFFICIAL MAY BE HELD LIABLE FOR ACTIONS OR OMISSIONS IN HIS OR HER INDIVIDUAL CAPACITY: (1) PERSONAL INVOLVEMENT IN THE ACT OR OMISSION WHICH CAUSED THE INJURY; OR (2) SUFFICIENT CASUAL CONNECTION BETWEEN THE OFFICIAL'S ACT OR OMISSION AND THE INJURY. THERE IS NO RESPONDEAT SUPERIOR LIABILITY UNDER 1983. TAYLOR V. LIST 880 F.2d 1040, 1045 (9th CIR 1989). IF THE STATE OFFICIAL DID NOT HAVE PERSONAL INVOLVEMENT IN THE ALLEGED CONSTITUTIONAL DEPRIVATION, THE PLAINTIFF MUST SHOW THAT THE OFFICIAL "IMPLEMENTED A POLICY SO DEFICIENT THAT THE POLICY" ITSELF IS A REPUDIATION OF CONSTITUTIONAL RIGHTS AND IS "THE MOVING FORCE OF THE CONSTITUTIONAL VIOLATION."" REDMAN V. COUNTY OF SAN DIEGO, 942 F. 2d 1435, 1446 (9th CIR. 1991). A SUPERVISOR MAY ALSO BE HELD LIABLE FOR THE CONSTITUTIONAL VIOLATIONS OF THE SUBORDINATES IF THE SUPERVISOR "DIRECTED THE VIOLATIONS, OR KNEW OF THE VIOLATIONS AND FAILED TO ACT TO PREVENT THEM." TAYLOR V. LIST, 880 F. 2d AT 1045.

QUALIFIED IMMUNITY CAN ALSO PROVIDE A DEFENSE AGAINST MONEY DAMAGES FOR CERTIAN DEFENDANTS. IN 1983, THE DOCTRINE

OF QUALIFIED IMMUNITY PROTECTS STATE OFFICIALS FROM PERSONAL LIABILITY FOR ON-THE-JOB CONDUCT SO LONG AS THE CONDUCT IS OBJECTIVELY REASONABLE AND DOES NOT VIOLATE AN INMATES' CLEARLY-ESTABLISHED FEDERAL RIGHTS. HARLOW V. FITZGERALD, 457 US 800, 818, 102 S. Ct. 2727, 2738 (1982) (CITATIONS OMITTED) CONTRARILY, A STATE OFFICIAL MAY BE HELD PERSONALLY LIABLE IN A 1983 ACTION IF HE KNEW OR SHOULD HAVE KNOWN THAT HE WAS VIOLATING A PLAINTIFFS CLEARLY ESTABLISHED FEDERAL RIGHTS. Id "THE RELEVANT DISPOSITIVE INQUIRY IN DETERMINING WHETHER A RIGHT IS CLEARLY ESTABLISHED (FEDERAL RIGHTS) IS WHETHER IT WOULD BE CLEAR TO A REASONABLE [DEFENDANT] THAT HIS CONDUCT WAS UNLAWFUL IN THE SITUATION HE CONFRONTED." SAUCIER V. KATZ, 533 U.S. 194, 121 S. Ct. 2151, 2156 (2001) CITING WILSON V. LAYNE, 526 US 603 615 119 S. Ct. ~~1962~~ 1692, 1699-1700 (1999)). DISMISSAL IS APPROPRIATE WHERE "THE LAW DID NOT PUT THE [DEFENDANT] ON NOTICE THAT HIS CONDUCT WOULD BE CLEARLY UNLAWFUL." Id., 121 S. Ct. at 2156-57.

TO PREVAIL ON AN EIGHTH AMENDMENT CLAIM REGARDING PRISON MEDICAL CARE, A

PLAINTIFF MUST SHOW THAT PRISON OFFICIALS' "ACTS OR OMISSIONS [WERE] SUFFICIENTLY HARMFUL TO EVIDENCE DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS." HUDSON V. MCMILLIAN, 503 U.S. 1, 8, 112 S. Ct. 995, 1000 (1992) (CITING ESTELLE V. GAMBLE, 429 U.S. 97, 103-04, 97 S. Ct. 285, 290-91 (1976)). "BECAUSE SOCIETY DOES NOT EXPECT THAT PRISONERS WILL HAVE UNQUALIFIED ACCESS TO HEALTH CARE, DELIBERATE INDIFFERENCE TO MEDICAL NEEDS AMOUNTS TO AN EIGHTH AMENDMENT VIOLATION ONLY IF THOSE NEEDS ARE 'SERIOUS.'" Id. THE DEFINITION OF SERIOUS MEDICAL NEED INCLUDES THE FOLLOW-ING:

FAILURE TO TREAT A PRISONER'S CONDITION [THAT] COULD RESULT IN FURTHER SIGNIFICANT INJURY OR THE EXISTANCE OF AN INJURY THAT A REASONABLE DOCTOR OR PATIENT WOULD FIND IMPORTANT AND WORTHY OF COMMENT OR TREATMENT; THE PRESENCE OF A MEDICAL CONDITION THAT SIGNIFICANTLY AFFECTS AN INDIVIDUAL'S DAILY ACTIVITIES; OR THE EXISTENCE OF CHRONIC AND SUBSTANTIAL PAIN.

MCGUCKIN V. SMITH 974 F.2d 1050, 1059-60 (9th CIR. 1992), OVERRULED ON OTHER GROUNDS, WMX TECHNOLOGIES, INC. V. MILLER, 104 F.3d 1133 (9th CIR 1997).

DELIBERATE INDIFFERENCE EXISTS WHEN AN OFFICIAL KNOWS OF AND DISREGARDS A SERIOUS MEDICAL CONDITION OR WHEN AN OFFICIAL IS "AWARE OF THE FACTS FROM WHICH THE INFERENCE COULD BE DRAWN THAT A SUBSTANTIAL RISK OF HARM EXISTS," AND ACTUALLY DRAWS SUCH AN INFERENCE. FARMER V. BRENNAN, 511 U.S. 825, 838, 114 S. Ct. 1970, 1979 (1994). DIFFERENCES IN JUDGEMENT BETWEEN AN INMATE AND PRISON ~~OF~~ MEDICAL PERSONNEL REGARDING APPROPRIATE MEDICAL DIAGNOSE(S) AND TREATMENT ARE NOT ENOUGH TO ESTABLISH A DELIBERATE INDIFFERENCE CLAIM. SANCHEZ V. VILD, 891 F. 2d 240, 242 (9th CIR. 1989). MERE INDIFFERENCE, MEDICAL MALPRACTICE, OR NEGLIGENCE ALSO WILL NOT SUPPORT A CAUSE OF ACTION UNDER THE EIGHTH AMENDMENT. BROUGHTON V. CUTTER LAB, 622 F. 2d 458, 460 (9th CIR. 1980). ALSO, A MERE DELAY IN TREATMENT DOES NOT CONSTITUTE A VIOLATION OF THE EIGHTH AMENDMENT, UNLESS THE DELAY CAUSES SERIOUS HARM. WOOD V. HOUSEWRIGHT, 900 F. 2d 1332, 1335 (9th CIR. 1990).

TO STATE A CLAIM ASSERTING CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT, A

PLAINTIFF MUST SHOW THAT HE IS INCARCERATED UNDER CONDITIONS POSING A SUBSTANTIAL RISK OF SERIOUS HARM. FARMER V. BRENNAN, 511 U.S. 825, 834 114 S.Ct. 1970, 1977 (1994). AND VERBAL HARASSMENT, ABUSE AND THREATS, WITHOUT MORE, ARE NOT SUFFICIENT TO STATE A CONSTITUTIONAL DEPRIVATION UNDER 1983 OLTARZEWSKI V. RUGGIERO, 830 F.2d 136 (9th CIR. 1987) (ALLEGATIONS THAT A CORRECTIONAL COUNSELOR TOLD PLAINTIFF THAT HE WOULD TRANSFER HIM TO A HIGHER CUSTODY STATUS UNIT IF HE TRIED TO GO TO THE LAW LIBRARY AND THAT HE WOULD BE SORRY IF HE FILED A CLASS ACTION SUIT WERE NOT ACTIONABLE UNDER 1983); FREEMAN V. ARPAIO, 125 F.3d 732 (9th CIR. 1997) (ABUSIVE LANGUAGE DIRECTED AT A PRISONER'S RELIGIOUS AND ETHNICAL BACKGROUND NOT ACTIONABLE); (MARTIN V SEARGENT, 780 F. 2d 1334, 1338 (8th CIR. 1985) (ALLEGATIONS THAT DEFENDANT "VERBALLY ABUSED HIM FOR FILING GREVEINCES" DID NOT CONSTITUTE A CONSTITUTIONAL VIOLATION); McFADDEN V. LUCAS, 713 F. 2d 143, 147 (5th CIR 1983) ("WHILE TWENTY-TWO OFFICERS ARMED WITH STICKS AND THREATENING DEMEANOR MAY ARGUABLY BE EXCESSIVE, WE MUST, IN THE ABSCENSE

OF PHYSICAL ABUSE, CONCUR WITH THE LOWER COURT'S DISMISSAL. THE ALLEGED CONDUCT, ABSENT MORE, CANNOT BE SAID TO RISE TO THE LEVEL OF CONDUCT WHICH "SHOCKS THE CONSCIENCE"").

TITLE II OF THE ADA PROVIDES THAT "NO QUALIFIED INDIVIDUAL WITH A DISABILITY SHALL, BY REASON OF SUCH DISABILITY, BE EXCLUDED FROM PARTICIPATION IN OR BE DENIED THE BENEFITS OF THE SERVICES, PROGRAMS OR ACTIVITIES OF A PUBLIC ENTITY, OR BE SUBJECTED TO DISCRIMINATION BY ANY SUCH ENTITY." 42 U.S.C. 12132. TITLE II HAS RECENTLY BEEN ~~[illegible]~~ UPHELD AS A VALID ABROGATION OF STATE SOVEREGNTY "INSOFAR AS TITLE II CREATES A PRIVATE CAUSE OF ACTION FOR DAMAGES AGAINST THE STATES FOR CONDUCT THAT ACTUALLY VIOLATES THE FOURTEENTH AMENDMENT" UNITED STATES V. GEORGIA 126 S. Ct. 877, 882 (2006) (EMPHASIS IN ORIGINAL).

PUBLIC ENTITIES WHICH INCLUDE "ANY DEPARTMENT AGENCY, SPECIAL PURPOSE DISTRICT, OR OTHER INSTRUMENTALITY OF A STATE OR LOCAL GOVERNMENT." Id., 118 S. Ct. AT 1954-55, ARE REQUIRED TO "MAKE REASONABLE MODIFICATIONS IN POLICIES, PRACTICES, OR PROCEDURES WHEN

WHEN MODIFICATIONS ARE NECESSARY TO AVOID DISCRIMINATION ON THE BASIS OF DISABILITY." 28 C.F.R. 35.130(B)(7). THE SUPREME COURT HAS HELD THAT THE PLAIN LANGUAGE OF TITLE II ADA EXTENDS TO PRISON INMATES WHO ARE DEPRIVED OF BENIFITS OF PARTICIPATION IN PRISON PROGRAMS, SERVICES OR ACTIVITIES BECAUSE OF A PHYSICAL DISABILITY. SEE PENNSYLVANIA DEPT. OF CORRECTIONS V. YESKEY, 524 U.S. 206, 212, 118 S. CT. 1952, 1955 (1998). IN ADDITION, THE NINTH CIRCUIT HAS HELD THAT A PRIVATE PHYSICIAN AND NON-PROFIT HEALTHCARE CORPORATION'S PROVISION OF HEALTHCARE TO THE COUNTY DETENTION CENTER COULD BE CONSTRUED AS ACTIONS OF THE STATE. JENSEN V. LANE COUNTY, 222 F.3d 570 (9th CIR. 2000); SEE ALSO MCNALLY V. PRISON HEALTH SERVICES, 46 F. SUPP. 2d 49, 58 (D. Me. 1999) (HOLDING THAT TITLE II ADA CLAIM WOULD GO FORWARD TO TRIAL AGAINST A PRIVATE, FOR-PROFIT PRISON MEDICAL PROVIDER).

IN ORDER TO PROCEED WITH AN ADA CLAIM, UNDER TITLE II, PLAINTIFF MUST SHOW (1) THAT HE HAS A DISABILITY; (2) THAT HE IS OTHERWISE QUALIFIED TO PARTICIPATE IN OR RECEIVE THE BENEFIT

OF A PUBLIC ENTITIES' SERVICES, PROGRAMS OR ACTIVITIES; (3) THAT HE WAS EITHER EXCLUDED FROM PARTICIPATION IN OR DENIED THE BENIFITS OF SERVICES, PROGRAMS, OR ACTIVITIES, OR WAS OTHERWISE DISCRIMINATED AGAINST BY PUBLIC ENTITY; AND (4) THAT SUCH EXCLUSION, DENIAL OF BENIFITS, OR DISCRIMINATION WAS BY REASON OF THE PLAINTIFF'S DISABILITY. O'GUINN V. LOVELOCK CORRECTIONAL CENTER, 502 F. 3d 1056, 1060 (9th CIR. 2007).

A "DISABILITY" MUST FIT ONE OF THREE DEFINITIONS UNDER 42 U.S.C. 12102(2) to BE ACTIONABLE UNDER THE ADA: THERE MUST BE "(A) a PHYSICAL OR MENTAL IMPAIRMENT THAT SUBSTANTIALLY LIMITS ONE OR MORE OF THE MAJOR LIFE ACTIVITIES of [AN] INDIVIDUAL; [OR] (B) A RECORD OF SUCH IMPAIRMENT; OR (C) BEING REGARDED AS HAVING SUCH AN IMPAIRMENT. THE CASES BROUGHT UNDER TITLE II OF THE ADA DISABILITY DEFINITIONS FOUND IN FEDERAL REGULATIONS PROMULGATED FOR TITLE I GOVERNING DISABILITY DISCRIMINATION IN THE EMPLOYMENT AREA. Colwell V. Suffolk County Police Department, 158 F.3d 635, 641 (2d CIR 1998). MAJOR LIFE ACTIVITIES INCLUDE "CARING ONESELF, PERFORMING MANUAL TASKS, WALKING

SEEING, HEARING, SPEAKING, BREATHING, LEARNING, AND WORKING." COOPER V. NEIMAN MARCUS GROUP, 125 F.3d 786, 790 (9th CIR 1997) (QUOTING 29 C.F.R. 1630.2 (i) (EMPHASIS OMITTED)).

UNDER THE FEDERAL REGULATIONS "[T]HE TERM SUBSTANTIALLY LIMITS MEANS (i) UNABLE TO PERFORM A MAJOR LIFE ACTIVITY THAT THE AVERAGE PERSON IN THE GENERAL POPULATION CAN PERFORM; OR (ii) SIGNIFICANTLY RESTRICTED AS TO THE CONDITION, MANNER OR DURATION UNDER WHICH AN INDIVIDUAL CAN PERFORM A PARTICULAR MAJOR LIFE ACTIVITY THAT THE AVERAGE PERSON, AS COMPARED TO THE CONDITION, MANNER, OR DURATION UNDER WHICH THE AVERAGE PERSON IN THE GENERAL POPULATION CAN PERFORM THAT SAME LIFE ACTIVITY." 29 C.F.R. 1630.2(j)(1)(i-ii); SEE ALSO TALK V. DELTA AIRLINES, INC. 165 F.3d 1021, 1025 (5th CIR 1999) (ALTHOUGH PLAINTIFF WORE CORRECTIVE SHOES FOR A DEFORMITY IN HER LEG & FOOT, SHE WAS NOT SUBSTANTIALLY LIMITED IN THE MAJOR LIFE ACTIVITY OF WALKING); PENNY V. UNITED PARCEL SERVICE, 128 F.3d 408, 415 (6th CIR 1997) (MODERATE DIFFICULTY OR PAIN EXPERIENCED WHILE WALKING DOES NOT SUBSTANTIALLY LIMIT THE LIFE ACTIVITY OF WALKING).

UNDER TITLE II OF THE ADA, PLAINTIFFS MAY NOT SUE INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES, BUT MUST INSTEAD SUE THE STATE OR STATE ENTITIES. See LOLLAR V. BAKER, 196 F.3d 603, 610 (5th CIR. 1999) (CITING ALSBROOK V. CITY OF MAUMELLE, 184 F.3d 999, 1010-11 (8th CIR. 1999) (THE ADA'S COMPREHENSIVE REMEDIAL SCHEME BARS THE PLAINTIFF'S CLAIMS AGAINST THE COMMISSIONERS IN THEIR INDIVIDUAL CAPACITIES); BAIRD V. ROSE, 192 F.3d 462, 471 (4th CIR 1999) (TITLE II OF THE ADA DOES NOT RECOGNIZE A CAUSE OF ACTION FOR DISCRIMINATION BY PRIVATE INDIVIDUALS, ONLY PUBLIC ENTITIES); COMPARE MIRANDA B. V. KITZHABER, 328 F.3d 1181, 1188-87 (9th CIR 2003) (HOLDING THAT TITLE II'S STATUTORY LANGUAGE DOES NOT PROHIBIT A PLAINTIFF FROM REQUESTING ~~INJU~~ INJUNCTIVE ACTION AGAINST STATE OFFICIALS IN THEIR OFFICIAL CAPACITIES).