IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID GILBERT, Inmate #253526, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-1294 |
| BRETT LIGON, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, David Gilbert (Inmate #253526), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) against Montgomery County District Attorney Brett Ligon and the Montgomery County Constable's Office, Precinct 4, regarding criminal charges that have been filed against him in state court. Gilbert also names the Montgomery County Jail as a defendant, alleging that he has been denied adequate medical care as a pretrial detainee. Because Gilbert proceeds <u>in forma pauperis,</u> the court is required to scrutinize the Complaint and dismiss the case if it determines that the action is "frivolous or malicious;" "fails to state a claim on which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings the court concludes that the claims against Brett Ligon and the Montgomery County Constable's Office, Precinct 4, must be dismissed for the reasons explained below.

## I. Background

On January 18, 2019, Gilbert was taken into custody and placed in the Montgomery County Jail pursuant to an arrest warrant served by the Montgomery County Constable's Office, Precinct 4.[1] As a result of that arrest Gilbert was charged with multiple counts of possession and/or promotion of child pornography, which remain pending against him in the 359th Judicial District Court for Montgomery County.[2]

Gilbert contends that Montgomery County District Attorney Brett Ligon has violated his rights by prosecuting him because federal officials declined to bring charges.[3] He blames Ligon for his incarceration at the Montgomery County Jail, where he claims that he has been denied adequate medical care and accommodations for his disability. Gilbert, who is 57 year of age, describes himself as "disabled" due to a "severe cardiac condition" that includes "acute cardiac disease; con[g]estive heart failure; [and] neuropathy."[4] He seeks monetary damages from Ligon in both his official and individual capacity for his continued confinement the

---

[1] Plaintiff's More Definite Statement, Docket Entry No. 15, p. 1.

[2] Id.

[3] Complaint, Docket Entry No. 1, p. 3.

[4] Plaintiff's More Definite Statement, Docket Entry No. 15, pp. 3, 6.

Montgomery County Jail.⁵ He also appears to seek injunctive relief in the form of treatment by his private cardiologist at the county's expense.⁶

## II. **Standard of Review**

"To state a claim under [42 U.S.C. § 1983], a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Leffall v. Dallas Independent School Dist., 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted). The court is mindful of the fact that plaintiff proceeds pro se in this case. Courts are required to give a pro se litigant's contentions, however inartfully pleaded, a liberal construction. See Erickson v. Pardus, 127 S. Ct. 1081, 2200 (2007) (citing Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)); see also Haines v. Kerner, 92 S. Ct. 594, 595-96 (1972) (noting that allegations in a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers). Nevertheless, "[t]hreadbare

---

⁵Complaint, Docket Entry No. 1, p. 4 ("Plaintiff would like the court's to allow me to sue the individuals in their official and individual capacity under color of law."); Memorandum of Law, Docket Entry No. 2, p. 1 (seeking unspecified damages).

⁶Plaintiff's More Definite Statement, Docket Entry No. 15, p. 4 (asking the Montgomery County Jail "to designate at least one deputy to drive [him] to the Hospital everyday and watch over [him] unrestrained for an hour every day for 6 weeks").

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

### III. Discussion

**A. Claims Against Brett Ligon**

The primary defendant is Montgomery County District Attorney Brett Ligon, who is the only individual named in the pleadings. Gilbert sues Ligon for his role as a prosecutor who initiated or approved the criminal case that is pending against him.[7] It is well established that prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating a prosecution and presenting the state's case. See Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976). Because Gilbert's allegations do not overcome Ligon's entitlement to absolute immunity, the claims against Ligon must be dismissed for failure to state a claim.

**B. Claims Against the Montgomery County Constable's Office**

Gilbert names the Montgomery County Constable's Office, Precinct 4, as a defendant because constables from this office

---

[7]Complaint, Docket Entry No. 1, p. 3; Plaintiff's More Definite Statement, Docket Entry No. 15, pp. 1-2 (Answers to Questions 4 and 5 posed in the court's Order for More Definite Statement, Docket Entry No. 14, p. 2).

served the warrant that resulted in his arrest.[8] However, when asked by the court to provide a more definite statement of the facts in support of a potential claim,[9] Gilbert replied that he does not claim that the officers violated his constitutional rights.[10] Gilbert does not assert that the warrant was defective in any way or that his arrest lacked probable cause. Because he does not otherwise allege facts showing that his rights were violated by the officers who arrested him, Gilbert's claim against the Montgomery County Constable's Office, Precinct 4, will be dismissed for failure to state a claim.

## C. Claims Against the Montgomery County Jail

Gilbert sues the Montgomery County Jail, which is operated by the Montgomery County Sheriff's Department, for denying him proper medical care in violation of the Eighth Amendment and the Americans with Disabilities Act.[11] Gilbert alleges that the Jail is not "working with [his] cardiologist to ensure that [he] gets the proper care for his heart condition" and that he has been taken to

---

[8]Complaint, Docket Entry No. 1, p. 3.

[9]Order for More Definite Statement, Docket Entry No. 14, p. 3 (Questions 7 and 8).

[10]Plaintiff's More Definite Statement, p. 2 (Answer to Question 8).

[11]Complaint, Docket Entry No. 1, p. 3; Memorandum of Law, Docket Entry No. 2, pp. 3-11.

the hospital on five occasions as a result.[12] Gilbert also claims that he was told that his medical care would be "covered" by Montgomery County, but he has continued to receive bills from the hospital.[13]

Gilbert's claim concerning the denial of adequate medical care falls under the Due Process Clause of the Fourteenth Amendment, which requires the state to provide for the "basic human needs" of pretrial detainees, including the right to adequate medical care. Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996) (en banc); see also Thompson v. Upshur County, 245 F.3d 447, 457 (5th Cir. 2001) ("[P]retrial detainees have a constitutional right, under the Due Process Clause of the Fourteenth Amendment, not to have their serious medical needs met with deliberate indifference on the part of the confining officials."). Because Gilbert has alleged facts that call into question whether he has received constitutionally adequate medical care while in custody, the court concludes that an answer to this claim is needed from officials in charge of the Montgomery County Jail. Accordingly, the court will issue a separate order authorizing service of process upon Montgomery County Sheriff Rand Henderson.

---

[12] Plaintiff's More Definite Statement, Docket Entry No. 15, p. 3.

[13] Id. at 4.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.  The Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 filed by the plaintiff, David Gilbert (Docket Entry No. 1), against Brett Ligon and the Montgomery County Constable's Office, Precinct 4, is **DISMISSED with prejudice**.

2.  The court will issue a separate order requesting an answer to Gilbert's claim that he has been denied adequate medical care at the Montgomery County Jail.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.**

**SIGNED** at Houston, Texas, on this the 13th day of August, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE